UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              Plaintiff,

        -v-                                                 1:17-CV-1168

VICKRAM BEDI, President,
and DATALINK COMPUTER
PRODUCTS, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

HON. GRANT C. JAQUITH                           MARY E. LANGAN, ESQ.
United States Attorney for the                  Ass't United States Attorney
    Northern District of New York
Attorneys for Plaintiff
100 South Clinton Street, Room 900
Syracuse, NY 13261

U.S. DEPARTMENT OF LABOR                        JASON E. GLICK, ESQ.
Office of the Solicitor                         Special Ass't United States Attorney
Attorneys for Plaintiff
201 Varick Street, Room 983
New York, NY 10014

CARTER, LEDYARD LAW FIRM                        ALAN S. LEWIS, ESQ.
Attorneys for Defendants
2 Wall Street
New York, NY 10005

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

Plaintiff United States of America (the "Government") filed this civil action against defendants Datalink Computer Products, Inc. ("Datalink"), a computer sales and services company, and Datalink's President Vickram Bedi ("Bedi"), in an effort to collect back pay awarded by the U.S. Department of Labor ("DOL") to former Datalink employee Helga Ingvarsdottir ("Helga").

Datalink and Bedi (collectively "defendants") assert the Government's collection action is premature or improper and have moved to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Defendants argue the action is premature because the limitations period for seeking judicial review of the DOL's back pay award has not yet expired.  In the alternative, defendants argue the Government is not the proper party to collect the back pay award because it is owed to Helga, not the Government.

After the motion was fully briefed and taken on submit, an attorney from the DOL's Office of the Solicitor entered an appearance in the case and requested oral argument, which was heard on May 16, 2018 in Utica, New York.  Decision was reserved.

### II. BACKGROUND[1]

In May 2005, defendants sought and received an H-1B visa to hire Helga, a native of Iceland, as an "account executive."  The H-1B visa program, which in its current form is authorized by provisions in the Immigration and Nationality Act and administered by the

---

[1] Whether driven by efficiency concerns, tactical considerations, or something else, the Government's five-paragraph pleading provides astonishingly little in the way of basic factual information.  So while it is the sufficiency of those few factual allegations that will be considered in evaluating defendants' 12(b)(6) motion to dismiss, the context provided in this section is drawn almost entirely from documents referenced for the first time in the Government's opposition memorandum.

DOL's Wage and Hour Division, permits U.S. employers to hire foreign workers in speciality occupations subject to certain regulations.

In order to obtain H-1B visa approval, an employer must submit a sworn document known as a Labor Conditions Application ("LCA") in which it promises to pay the employee a certain amount in wages during a specified time period of employment.  Defendants submitted two LCAs to the DOL to cover Helga's employment with Datalink.  However, defendants allegedly underpaid Helga by thousands of dollars in violation of the H-1B program's regulations and the terms of the two LCAs.

On November 4, 2010, Bedi and Helga were arrested for, and later pleaded guilty in state court to, fraudulent activity.[2]  And at some point later, Helga filed a wage complaint with the DOL's Wage and Hour Division seeking to collect the unpaid wages owed to her.

After an investigation, the Administrator of the DOL's Wage and Hour Division (the "Administrator") issued a Determination Letter that concluded defendants had failed to pay Helga $237,066.06 in required wages.  Thereafter, Helga and defendants filed separate requests for review of the Administrator's determination with the DOL's Office of Administrative Law Judges.

On August 4, 2014, after a hearing, DOL Administrative Law Judge Lystra Harris issued a Decision and Order (the "August 4 Order") concluding that defendants owed Helga back wages in the amount of $341,693.03, plus pre-judgment compound interest and post-judgment interest until satisfaction.

---

[2]  Although neither party describes the conduct underlying this arrest, a press release from the Westchester County District Attorney's Office explains that Bedi and Helga worked together to bilk a famous musician out of nearly $21 million over a six-year period by planting a computer virus on his home computer and then convincing him to pay for ongoing security services to protect against this false threat.

Defendants petitioned the DOL's Administrative Review Board ("ARB") for review of the August 4 Order, which affirmed the ALJ's opinion with only a slight adjustment to the wage calculation.  Administrator v. Bedi, 2016 WL 866115 (DOL Admin. Review Bd. Feb. 29, 2016) ("ARB Final Order") (crediting defendants for certain work Helga did not perform).

On July 1, 2016, Helga instituted a civil action against defendants in Supreme Court, New York County, seeking to collect on the back pay awarded by the ALJ and affirmed by the ARB.  However, the state court concluded Helga's request for relief was improper and dismissed her action on April 21, 2017.  Helga filed a notice of appeal with the Appellate Division, First Department, which remains pending.  The Government filed this action attempting to collect Helga's back pay award on October 19, 2017.

## III.  **LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' (FED. R. CIV. P. 8(A)(2)), more than mere conclusions are required."  Id.  "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims."  Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor."  Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.).  In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV.  DISCUSSION

Defendants' opening brief characterizes the Government's pleading as an attempt to collaterally estop them from challenging the ARB Final Order.  As defendants explain, the Administrative Procedure Act ("APA") permits them a six-year limitations period in which to challenge the validity of the ARB Final Order in federal district court.  According to defendants, the Government cannot yet enforce the ARB Final Order because (1) the APA's six-year limitations period has not elapsed and (2) defendants have not yet exercised their APA-based right to judicial review.  Finally, defendants assert that the complaint does not bother to cite any particular statute or regulation that would enable the Government to enforce the DOL's monetary award in federal court.

The Government responds, in essence, by claiming defendants' arguments are nonsensical.  According to the Government, defendants' right to seek judicial review of the ARB Final Order in federal court pursuant to the APA is completely independent from the Government's right to attempt to collect the award in federal court pursuant to the Federal Debt Collection Procedures Act of 1990 ("FDCPA").  The Government argues that the proper

way for defendants to challenge the propriety of the ARB Final Order at this point would be to answer the Government's complaint and assert an APA-based counterclaim.

Defendants reply that the FDCPA does not actually authorize the Government to collect the back pay award at issue because that statute only permits the collection of a "debt owing to the United States."  According to defendants, the award owed to Helga does not fall within this definition because the Government was not a party to the underlying employment contract between Helga and Datalink.

First off, defendants' estoppel argument must be rejected.  As counsel explained at oral argument, the only reason they led with this assertion in their opening brief was because the Government's complaint left them guessing about the legal theory on which this debt-collection attempt was based.  Of course, the Government later explained in its opposition memorandum that this action was based on the FDCPA, which "provides the exclusive civil procedures for the United States to recover a judgment on a debt."  28 U.S.C. § 3001(a)(1).

But this kind of material omission by the Government is not good civil practice.  After all, the first numbered paragraph of the complaint already takes a moment to explain that this case is "a civil action brought on behalf of the United States" and properly invokes 28 U.S.C. § 1345, a jurisdiction-granting provision that permits the United States to bring suit in its own name.

Having already gone that far, only an exceedingly marginal amount of additional effort from the complaint's drafter would have been necessary to further set forth in this first numbered paragraph that this is "a civil action to collect a debt brought on behalf of the United States pursuant to the [FDCPA]."

That extra effort might well have saved defendants from raising their invalid estoppel argument in the first place, and saved this Court from spending time parsing out its validity (or lack thereof, as the case may be). In the end, though, the Government's failing is one without real consequence, since poor form is not a valid reason to dismiss a complaint. See, e.g., Johnson v. City of Shelby, 135 S. Ct. 346, 346 (2014) (per curiam) (summarily reversing lower courts' dismissal of the plaintiffs' complaint for its "imperfect statement of the legal theory supporting the claim asserted").

Turning to defendants' next argument, their assertion that the ARB Final Order issued by the DOL in favor of Helga is somehow not yet a "final" determination is clearly contradicted by existing case law.[3] Defendants' claim about non-finality might make sense if, for instance, the time period for seeking reconsideration directly from the ARB or for some kind of additional review from the administrative agency itself had yet to expire.

However, that is not the argument defendants appear to be making, and the federal regulations dealing with requests for review of an employer's compliance with the H-1B visa program indicate that the ARB's decision is in fact considered a "final agency action" for purposes of triggering judicial review under the APA. 20 C.F.R. § 655.850 (characterizing ARB's decision as "final agency action"); see also Venkatraman v. REI Sys., Inc., 417 F.3d 418, 422-23 (4th Cir. 2005) (detailing administrative process culminating in a final decision by the ARB).

---

[3] For instance, in Aleutian Capital Partners, LLC v. Hugler, 2017 WL 4358767 (S.D.N.Y. Sept. 28, 2017), the district court evaluated an APA-based action brought by an employer against the DOL seeking to vacate the ARB's determination that the employer had violated certain H-1B visa program requirements concerning two of its employees.

Notably, a related provision of the APA specifically contemplates that there will be instances in which the winning party to an administrative proceeding seeks to enforce its victory (for instance, by attempting to collect money owed to it) while the other party has yet to receive judicial review of the agency's action that led to the judgment against it.  In particular, 5 U.S.C. § 705, entitled "relief pending review," permits an administrative agency or a reviewing court to postpone the effective date of the agency's challenged action if necessary to prevent irreparable injury or preserve an opportunity for meaningful review.

There is no indication the DOL has invoked this safety valve provision to postpone the effective date of the ARB Final Order at issue here.  So this provision clearly suggests that whoever is permitted to collect on the back pay award enshrined in the ARB Final Order is entitled to do so right now.  Which leads to the final argument raised by defendants—is the Government the proper party to collect this debt?

The Government's opposition explains that the FDCPA was enacted "to create a comprehensive statutory framework for the collection of debts owed to the United States government" and "to improve the efficiency and speed in collecting those debts."  Nat'l Labor Relations Bd. v. E.D.P. Med. Comput. Sys., Inc., 6 F.3d 951, 954 (2d Cir. 1993) ("E.D.P."). As relevant here, the FDCPA broadly defines a "debt" as "an amount that is owing to the United States on account of a . . . fine, assessment, penalty, restitution, damages, interest, . . . or other source of indebtedness to the United States."  § 3002(3)(B).

Defendants argue the back pay awarded to Helga is not a "debt" within the meaning of the FDCPA because it originated from some kind of employment contract initially entered into between Helga and Datalink (facilitated by Datalink's submission of an LCA to the DOL and its subsequent issuance of an H-1B visa).  See § 3002(3)(B) (excluding from the definition of

a collectable "debt" any amount "owing under the terms of a contract originally entered into by only persons other than the United States").

But as even defendants' acknowledge, Second Circuit case law suggests otherwise.  In E.D.P., a split panel of the Second Circuit refused a defendant-employer's request to vacate a pre-judgment writ of garnishment the district court had granted to the National Labor Relations Board ("NLRB") under the FDCPA based on the NLRB's administrative determination that the employer owed back wages for certain unfair labor practices.

The E.D.P. majority rejected the employer's argument that the back pay award was not a "debt owing to the United States" under the FDCPA because it found (1) the NLRB was the only party entitled to enforce the award and (2) the NLRB was acting "in the overall public interest" of preventing unfair labor practices.  E.D.P., 6 F.3d at 954.

Judge Walker issued an interesting dissent.  He argued that the Government could not use the FDCPA to collect the back pay award because it was not a debt "owing" to the United States.[4]  E.D.P., 6 F.3d at 958 (Walker, J., dissenting) ("An NLRB back-pay award to private employees is simply neither an amount owing to the United States nor an indebtedness to the United States.").

Judge Walker reasoned the FDCPA "was aimed at facilitating the recovery of sums owed to the United States due to defaulted loans and other obligations owed to the United States" arising principally from various Government loan programs.  E.D.P., 6 F.3d at 959.  Judge Walker concluded that the NLRB's function in the E.D.P. dispute was merely to

---

[4]  Judge Walker also took issue with the fact the Government's application for a pre-judgment writ of garnishment using the FDCPA was based on a civil contempt proceeding taking place elsewhere rather than the traditional sort of civil action contemplated by the statute's plain terms.

serve as "the vehicle by which the claimants [could] obtain their individual awards" for back wages.[5]

Other Circuits have since rejected the reasoning of E.D.P.'s majority when faced with different facts.  For instance, in Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp., 509 F.3d 216, 226-27 (5th Cir. 2007), a panel of the Fifth Circuit explicitly adopted Judge Walker's dissent in E.D.P. in concluding that a debt arising from a contract entered into between private parties but later acquired by the Government could not be recovered using the FDCPA.[6]

Indeed, at oral argument the Government conceded it could not think of another instance in which a single federal court sitting anywhere in the country had passed on the validity of the Government's usage of the FDCPA to collect a back pay award owing to an H-1B visa worker.  That concession is more than a little surprising considering Congress enacted the FDCPA in 1990 and the H-1B visa program has been around, in one form or another, since the 1950s.

Ultimately, though, the existence or relevance of an employment agreement between Helga and Datalink is not the proper subject of a motion to dismiss.  Elegantly stated or not, the Government's complaint alleges (1) the existence of a debt, (2) owed by defendants, (3) that is payable to the Government, (4) that a demand for payment of the debt has been made to defendants, and that (5) payment of the debt has thus far been refused by

---

[5]  An argument could be made that this reasoning would also apply to the H-1B program, since the regulatory provision discussing remedies in the event of an H-1B violation directs the employer to cut a check to the "Wage and Hour Division, Labor" and indicates that the DOL will then distribute the back wages to the aggrieved employee(s) "in accordance with existing procedures established by the Administrator."  20 C.F.R. § 655.810(f).

[6]  The majority opinion in the E.D.P. decision is, of course, the law of the Second Circuit.

defendants.  And these allegations are supported by a Certificate of Indebtedness attached to the complaint in which the DOL's Director of Operations has certified, under penalty of perjury, that defendants "are indebted to the United States" for the back wage award.  Nothing more is required to state a plausible claim for relief under the FDCPA at the 12(b)(6) threshold.  Accordingly, defendants' motion to dismiss must be denied.

## V.  <u>CONCLUSION</u>

The Government's complaint states a plausible claim for relief under the FDCPA.  The complexities of this case, real or imagined, are better suited for disposition at summary judgment or trial.

Therefore, it is

ORDERED that

1.  Defendants' motion to dismiss is DENIED; and

2.  Defendants shall file and serve an answer to the complaint on or before June 15, 2018.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  June 1, 2018
        Utica, New York.